JOSEPH T. SICKLER, RESPONDENT, v. TUCKAHOE NATIONAL BANK, IMPLEADED, ETC., APPELLANT.

Submitted December 11, 1916—Decided March 5, 1917.

On appeal from the Supreme Court.

For the appellant, *David O. Watkins.*

For the respondent, *Joseph J. Summerill.*

PER CURIAM.

The respondent sued the appellant, the Tuckahoe National Bank, impleaded as defendant with Lilbern M. Hess, for $500, with interest. Hess, as agent for the bank, agreed with Annie J. Sickler that the bank would convey to her a certain hotel property, with the furniture in a certain other hotel, and certain bonds of an improvement company, and would cause to be conveyed to John R. Sickler, her husband, the stock of wines and liquors in the last-mentioned hotel, and would cause to be transferred to him a certain license to keep an inn or tavern; all for $23,000, of which sum $500 was to be paid forthwith, the sum of $3,500 on a certain later day, the sum of $1,000 when the license was transferred, making a total cash payment of $5,000, the balance to be secured by a mortgage on the hotel property to be conveyed to her. Mrs. Sickler paid the $500 to Hess, as agent for the bank, and received a receipt therefor. The agreement not having been performed, she subsequently assigned her claim against the bank growing out of the transaction to the respondent, who brought suit thereon, averring that he had no knowledge as to whether the bank authorized Hess to make the agreement, or whether Hess ever paid the $500 to the bank, but that Hess, acting for the bank, had repudiated the agreement and refused to comply with its terms. He demanded of the bank, or, in the alternative, Hess, the sum of $500, so paid on account of the agreement, with interest. The case came on to be heard in

the Gloucester County Circuit Court before Judge Carrow and a jury, and resulted in a verdict in favor of Joseph T. Sickler, the respondent, and against the Tuckahoe National Bank, appellant, upon which judgment was duly entered. From this judgment the bank has appealed upon the sole ground that the trial judge refused to nonsuit the plaintiff at the close of his case.

When the plaintiff rested there was testimony to the effect that Hess, after the agreement was made, demanded $6,500 in cash instead of the $5,000 stipulated, making an additional cash payment of $1,500, and that he had refused to have the property conveyed and the license transferred, as required by the agreement. The Sicklers, although they went into possession of the hotel to be conveyed, vacated it and were not in possession at the time of the break.

While there does not appear to have been competent proof of Hess' agency for the bank on the plaintiff's case, that question was not raised, but, on the contrary, such agency was practically conceded by counsel for the defendant on the argument of the motion to nonsuit.

As there was evidence to go to the jury at the close of the plaintiff's case, to the effect that the defendant bank, through its agent, had varied the terms of the agreement, and therefore excused performance by the plaintiff's assignor, the denial of the motion to nonsuit was right, and the judgment will therefore be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.    14.

*For reversal*—None.